## HERETER *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

No. 125.—Decided October 11, 1912.

CANCELLATION OF RECORDS—IMPLIED CONSENT TO CANCELLATION.—Although the provisions of article 82 of the Mortgage Law require that in order to cancel an entry or a cautionary notice by virtue of a deed the consent of the person in whose favor the record or entry was made must be shown, said article does not require that such consent shall be stated expressly in the document in a specific form, implied consent being sufficient if from the wording of the document it can be deduced in such manner as to leave no doubt that the consent was given.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Pablo J. Hereter Acosta having presented to the Registrar of Property of Caguas a deed for the partial cancellation of a mortgage, which deed was executed by Pedro Orcasitas Muñoz as attorney in fact of Mercedes Muñoz Berríos, said registrar refused to admit the same to record on account of the defect that the attorney in fact of the creditor did not consent expressly to the cancellation of the record of the mortgage in the registry of property.

From that refusal to admit the cancellation to record this appeal was taken in due time.

The attorney in fact, Pedro Orcasitas, stated in the body of said public instrument that the principal and interest of the mortgage therein referred to having been satisfied the mortgage lien created for the exclusive purpose of securing the payment of the amount loaned has no object, for which reasons and in order to free the three properties described from the lien thereon he cancels the mortgage and gives a complete and perfect formal release.

It is true that article 82 of the Mortgage Law, upon which the registrar based his refusal to record the instrument can-

celing the mortgage, requires that when a record or cautionary notice made by virtue of a public document is sought to be canceled by any other authenticated instrument or document the consent of the person in whose favor the record or entry was made, or of his legal representative or attorney, must be signified therein, but that provision does not require that such consent should be stated expressly in the instrument in any specific form. Therefore, if from the language of the instrument the conclusion may be reached that the consent is unquestionably given, that is all that is necessary in order to make the cancellation in the registry, even though it is not said that consent is given to such cancellation. It is not necessary to state expressly the consent, an implied consent being sufficient if from the language of the instrument such inference may be deduced in a manner which leaves no doubt that it was given.

The language of the instrument which is the object of this appeal is sufficiently clear to permit us to arrive, free from all doubt, at the conclusion that the attorney for the creditor consented to the cancellation inasmuch as he acknowledged receipt of the principal and interest of the loan and stated that payment having been made the mortgage lien had no object, that the properties ought to be released from that encumbrance, that he gives a release to his debtor, and that he authorizes expressly the cancellation of the mortgage created as security for the amount loaned.

An analogous case was decided on October 8, 1886, by the General Directorate of Registries of Property and Notaries and another on December 10, 1899, by said General Directorate, in which the admission to record of the cancellation was ordered notwithstanding the fact that the consent was not so explicitly expressed as in the case now before us.

For the reasons stated the adverse ruling appealed from should be reversed and orders given for the admission of the instrument to record.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.